```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PLAINVILLE BOARD OF ED.,          :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :    CASE NO. 3:09CV241(RNC)
                                  :
R.N.,                             :
                                  :
     Defendant.                   :
```

RULING ON EMERGENCY MOTIONS TO SEAL

This is an action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, *et seq.*, regarding a public school student with disabilities.  The court has previously granted leave for the student and his parents to be referred to by fictional names in order to protect the student's privacy.  Pending before the court are the plaintiff's Emergency Motion to Seal Administrative Record (doc. #18) and Emergency Motion to Seal Supplemental Exhibits A-H (doc. #19).

The parties' summary judgment motions are due soon.  The plaintiff school board, in preparation for filing its motion, seeks leave to file the administrative record under seal.[1]  It estimates that "over 95% of the Administrative Record- consisting of thousands of pages of documents-- contains the name and/or other personal information of the Defendant, R.N., which would enable the public to ascertain R.N.'s identity." (Def's Mem., doc.

---

[1] Pursuant to the IDEA statute, in this type of action, the court "shall receive the records of the administrative proceedings."  20 U.S.C. § 1415(i)(2)(C)(i).

#1702 at 2.)  In addition, the administrative record includes confidential health information.  The plaintiff argues that its obligation to protect the confidentiality of the records, combined with the burden and cost of redacting these thousands of pages, justifies sealing them.[2]  The defendant, whose records are at issue, opposes sealing, arguing that the records should instead be redacted.  The parties appear to be in agreement as to which information requires protection.

    Local Rule 5(e)(3) provides that an order sealing a judicial document "shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  See also Lugosch v. Pyramid Co., 435 F.3d 110, 124 (2d Cir. 2006)(because of the presumption of public access to legal documents, sealing orders to protect competing interests such as privacy of medical records must be "narrowly tailored" to achieve those aims).  The plaintiff does not meet its burden of providing clear and compelling reasons for sealing.  The court recognizes the defendant's privacy interest in maintaining his anonymity and in preserving the confidentiality of his medical records, and the plaintiff's obligation to protect those privacy interests.  However, in the absence of clear and compelling reasons for sealing the entire

---

[2]The plaintiff contends that it could take as much as 100 hours to fully and accurately redact the record.  It also points to the risk that sensitive information might inadvertently be overlooked during the redaction process.

record, such sealing is not the "narrowly tailored" approach required by the local rule or the Second Circuit.  Therefore, the plaintiff is ordered to redact the record.

The plaintiff also moves to seal several documents that were attached as exhibits to its Motion to Submit Additional Evidence (doc. #16).  The documents were partially redacted, but it was later discovered that some confidential information was not redacted.  The exhibits at issue are relatively short, and they have been sealed by the clerk's office on a temporary basis.

The motion is granted in part and denied in part.  The exhibits to doc. #16 shall remain sealed.  However, if leave is granted for the documents to be filed in support of the plaintiff's Motion for Summary Judgment, the plaintiff shall not file them under seal but shall instead fully redact them.

SO ORDERED at Hartford, Connecticut this 26th day of June, 2009.

```
                    _____/s/_____
                    Donna F. Martinez
                    United States Magistrate Judge
```