```
             UNITED STATES DISTRICT COURT
               DISTRICT OF CONNECTICUT

PLAINVILLE BOARD OF ED.,        :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:09CV241(RNC)
                                :
R.N.,                           :
                                :
     Defendant.                 :
```

## RULING ON PLAINTIFF'S
## MOTION TO SUBMIT ADDITIONAL EVIDENCE

This is an action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, *et seq.*. Pending before the court is the plaintiff school board's motion to submit additional evidence, doc. #16. IDEA provides that in an action challenging an administrative decision, a district court "(i) shall receive the records of the administrative proceedings; [and] (ii) shall hear additional evidence at the request of a party." 20 U.S.C. 1415(i)(2)(C). "The taking of additional evidence is a matter . . . left to the discretion of the trial court." Lillbask ex rel. Mauclaire v. Sergi, 193 F. Supp. 2d 503, 506 (D. Conn. 2002).

In determining whether to admit additional evidence beyond the administrative record, a court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*." Jordan S. v. Hewlett Woodmere Union Free Sch. Dist., No. CV 08-1446 (LDW)(AKT), 2009 U.S. Dist. LEXIS 27460 (E.D.N.Y. Mar. 31, 2009). See also A.S. v. Trumbull Bd. of

Educ., 359 F. Supp. 2d 102, 104 (D. Conn. 2005); Lillbask, 193 F. Supp. 2d at 507.

> [T]he Act contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

Burlington v. Department of Educ., 736 F.2d 773, 790 (1st Cir. 1984).  Courts have also recognized that admitting additional evidence creates a risk "'of making the whole IDEA process more time consuming, as parties scramble[] to use the federal court proceeding to patch up holes in their administrative case.'" A.S. v. Trumbull Bd. of Educ., 359 F. Supp. 2d 102, 105 (D. Conn. 2004), quoting Springer v. Fairfax County Schoolboard, 134 F.3d 659, 667 (4th Cir. 1998). See also Lillbask, 193 F. Supp. 2d at 507.[1]  The party moving to submit additional evidence must establish that it is relevant and necessary.  See Independent Sch. Dist. No. 283 v. S.D. by J.D., 88 F.3d 556, 560 (8th Cir. 1996); Roland M. v. Concord Sch. Comm., 910 F.2d 983, 996 (1st

---

[1] This is not a merely theoretical concern in this instance.  The current scheduling order envisions a short and prompt briefing schedule.  However, the defendant's objection to the plaintiff's Motion to Submit Additional Evidence states that, if the plaintiff is permitted to submit any additional items, the defendant intends to seek both discovery and leave to submit its own additional rebuttal evidence.

2

Cir. 1990), cert. denied, 499 U.S. 912 (1991); A.S. v. Trumbull Bd. of Educ., 359 F. Supp. 2d 102, 103 (D. Conn. 2004).

With these principles in mind, the court considers the additional evidence the plaintiff seeks to submit.

1. Affidavit of Kay Tapper

The plaintiff first moves to submit an affidavit of Kay Tapper, Program Director for the Manchester Memorial Clinical Day School. It argues, in the most general terms, that this evidence is relevant to rebut certain evidence offered by the student's mother at the hearing and to show the plaintiff Board's efforts to provide a free appropriate public education.

The plaintiff fails to explain with any specificity how this evidence is relevant to the issues before the court. On the present record, the affidavit appears to be relevant only to impeach the testimony of the student's mother on a collateral issue. The motion to submit this additional evidence is therefore denied.

2. March 2009 Speech and Language Evaluation

The plaintiff moves to submit the report of a March 2009 speech and language evaluation conducted by Tracy M. Langlois, M.S., CCC-SLP. This evaluation was conducted after the administrative hearing. The plaintiff argues that the report is relevant because it refutes a finding of "dyspraxia" in the neuropsychological evaluation report of Dr. Steven Mattis. The plaintiff notes that the hearing officer's decision relied on Dr.

3

Mattis's report.  The plaintiff's motion does not explain how that dyspraxia finding bears on the issues before this court, except to suggest that it throws Dr. Mattis' other findings into question.

The defendant, in opposing this submission, notes that Dr. Mattis testified at the hearing and was subject to cross-examination, and that the Board never questioned his qualifications or questioned him on the dyspraxia finding.  The defendant also argues that the substance of Dr. Mattis' testimony did not center on this issue.

Based on the present record, it appears that the only relevance of this report would be the plaintiff's effort to focus on a collateral issue to impeach Dr. Mattis' testimony on other, more central issues.  The motion to submit this evidence is denied.

3.  February 27, 2009 Planning and Placement Team Meeting report

The Board seeks to submit a report of its February 27, 2009 PPT report to demonstrate the Board's ongoing efforts to obtain updated assessments.  However, the plaintiff does not explain, and the court does not perceive, how this evidence would shed light on the issues before this court.  The motion is denied as to this item.

4.  Repair Contracts from F.L. Chamberlain School

The Board next asks to submit certain "repair contracts" issued by F.L. Chamberlain School, the student's current,

unilateral placement.  These contracts are issued by the school when the student violates school rules and is given "repair" tasks to complete.  The repair contracts were issued between October 2008 to February 2009, so some of them predate the hearing.  The Board indicates that it did not receive all of these contracts until March 2009, after the hearing.[2]

The Board seeks to submit the records to show that the student has had ongoing behavioral problems at his unilateral placement and that despite these problems, the school has not developed a behavioral plan to address these problems, as required by IDEA.  The plaintiff provides no further explanation of the relevance of the records.

"Generally, evidence of the student's progress at the unilateral placement is relevant to the determination of whether the parents' unilateral placement was appropriate."  <u>Jordan S. v. Hewlett Woodmere Union Free Sch. Dist.</u>, No. CV 08-1446 (LDW)(AKT), 2009 U.S. Dist. LEXIS 27460 (E.D.N.Y. Mar. 31, 2009). However, unlike the report cards and behavioral specialist progress updates submitted in <u>Jordan</u>, these repair contracts do

---

[2]These are not formal, detailed reports about behavioral incidents but informal, handwritten notes used as teaching tools. A typical example shows that the student caused disruption by yelling in class, and his assigned repair tasks included writing an apology to the class and writing an essay about why the behavior was inappropriate and how he could have more appropriately handled his feelings. The student is also given suggestions for modifying his behavior in the future, such as by speaking to the staff when feeling upset, or using "coping skills" to handle feelings in an acceptable manner.

not appear to have significant probative value as to the student's current status or progress at F.L. Chamberlain.  They show, informally, that the student continues to have behavioral and emotional problems, and they arguably show some of F.L. Chamberlain's tactics to address his problems.  However, they appear to shed little light on how the student is doing at his new school and they do not show, as the Board argues, that F.L. Chamberlain "has not developed any specific behavioral plan."  In light of their limited probative value, and the delay that could result from discovery on this issue, the plaintiff's motion to submit the repair contracts is denied.

5.   <u>Woodcock Johnson Diagnostic Reading Battery and Key Math Diagnostic Assessment</u>

The Board moves to submit the results of two sets of tests that F.L. Chamberlain administered to the student, one for reading and one for math.  The Board represents that it did not receive the records until after the administrative hearing.

Because these test results were not available to the Board prior to the hearing, and are arguably relevant to the student's progress at F.L. Chamberlain and the appropriateness of the placement, the motion to submit them is granted.

6.   <u>Updated Psychiatric Report</u>

The Board next moves to submit a February 26, 2009 letter from the student's treating psychiatrist at F.L. Chamberlain, which discusses the student's condition and treatment since

arriving at F.L. Chamberlain.  This supplement may be submitted, as it is relevant to the student's progress and the appropriateness of his placement.

7.   May 1, 2009 Due Process Hearing Request

The Board moves to submit its May 1, 2009 request for a Due Process Hearing.  It argues that this request is relevant "because it further evinces the ongoing conduct of R.N.'s mother in stymeing the Board from fulfilling its obligations under IDEA, and, therefore, preventing the Board from having sufficient information regarding R.N. to develop an IEP that will provide him with a free appropriate public education." (Pl's Mem., doc. #16-2 at 10.)  The plaintiff has failed to demonstrate, however, how the student's mother's alleged post-hearing interactions with the Board are relevant to the issues before this court.  The motion to submit the hearing request is denied.

For all the foregoing reasons, the plaintiff's motion is granted in part and denied in part.  As previously ordered by the court (see doc. #35), the additional evidence permitted by this ruling shall be redacted to protect the student's identity and the confidentiality of medical records.

SO ORDERED at Hartford, Connecticut this 10th day of July, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

7